JUSTICE WEBER
dissenting:
Great Western Sugar Company (GW) was a self insurer for workers’ compensation purposes. GW became insolvent and unable to pay its liabilities. The majority opinion describes the unfortunate position of the plaintiff workers who had been unable to collect their workers’ compensation benefits from GW. Having been unable to collect those benefits from GW, the plaintiffs have sued the Division of Workers’ Compensation and the State of Montana. The State has admitted negligence through the Division of Workers’ Compensation in failing to conduct an adequate review of GW’s financial condition. The State does deny that such negligence was the cause of the loss of plaintiffs’ benefits. The majority has concluded that the admitted failure to examine reports submitted by GW is negligence, that such failure was ministerial, and as a result the Division and State can be held responsible. I disagree with that conclusion.
I conclude that the majority has disregarded this Court’s holding in Koppen v. Board of Medical Examiners (1988), 233 Mont. 214, 759 P.2d 173. I can find no meaningful distinction between the present case and Koppen. As a result I conclude that under the Koppen holding, there is quasi-judicial immunity so far as the Department and the State are concerned.
In his special concurrence, Justice Sheehy reached the same conclusion. He points out that the functions of the Department in this case come within those functions which are statutorily designated as quasi-judicial under § 2-50-102(10), MCA. I agree with his analysis up to that point. I do not agree with his desire to overrule Koppen. I do conclude that there is no distinction between Koppen and the present case.
The majority attempts to distinguish Koppen by suggesting there was no dispute in the present case as there was in Koppen. The majority concludes that immunity does not attach because the Division was not expressly designated a quasi-judicial board nor was it performing a quasi-judicial function. The majority emphasizes that the Division never exercised any discretion because it just failed to undertake any review of the materials submitted to it. As a result the *238 majority concludes that the negligent failure to review was ministerial. The key majority statement is the following:
“Because the Division failed to perform its duty to review or examine GW’s application as prescribed by statute, and because simply performing this duty does not involve the use of quasi-judicial discretion, the Division is not protected by quasi-judicial immunity at this stage. The Division has simply not functioned as such under these facts.” (Emphasis supplied.)
I do not believe that Koppen supports that view. In the opinion in Koppen, 233 Mont. at 215, 759 P.2d at 174, the majority stated:
“According to the complaint, the Board had received complaints about Dr. Kauffman’s fitness to practice medicine but failed to respond to them. The complaint characterized this as a failure by the Board to discharge its duty under § 37-3-202, MCA ...” (Emphasis added.)
The majority in Koppen, 233 Mont. at 217-18, 759 P.2d at 175, further stated:"
The District Court was correct in concluding that the Board is entitled to quasi-judicial immunity from suit ... The Board’s quasi-judicial immunity is derived from the common law, which we hold to be controlling here.”
The Koppen majority, 233 Mont, at 219,759 P.2d at 176, further stated with regard to the Board of Medical Examiners:
“The discretion vested in the Board to weigh the information relative to Dr. Kauffman rendered it a quasi-judicial body. This is also evident from the statutes dictating the procedures to be followed ... The task performed by the Board thus comes within the statutory definition of‘quasi-judicial function’ found at § 2-15-102 (10), MCA.” (Emphasis added.)
Following are the key holdings, for our purposes, of Koppen:
“The action or inaction by the Board under attack in this case is its decision not to strip Dr. Kauffman of his license when faced with complaints concerning his professional conduct. The Board’s decision whether to initiate administrative proceedings against a doctor is analogous to a prosecutor’s decision whether to initiate court proceedings against an alleged criminal. We concur with the reasoning in Butz that the Board’s discretion might be distorted if it is not immune from suit for damages arising from such a decision. We hold, therefore, that in the exercise of its quasi-judicial authority, the Board is entitled to the absolute immunity afforded executive officials under the rule in the Butz decision.” (Emphasis added.)
*239 Koppen, 233 Mont, at 219, 759 P.2d at 176. In substance Koppen had contended that the Board of Medical Examiners had received complaints but failed to respond to them. That negligent failure to respond is directly comparable to the negligent failure to study the reports in the present case. I find no factual distinction between Koppen and the present case. In Koppen the Board of Medical Examiners failed to do anything. In the present case the Division failed to do anything. In both cases there was a failure to perform a mandated duty. If the majority opinion in this case is correct, then it seems that we have in effect overruled Koppen, at least in part.
I disagree with the majority analysis which concludes that while the statutes and rules grant discretion to the Division in renewing GW’s application, the Division never exercised the discretion to determine GW’s eligibility to self insure. As a result the majority concluded that the complete failure by the Division to undertake any review thus becomes ministerial. The majority concludes that the discretion afforded by the statutes and rules was never exercised and that such failure to exercise was purely ministerial. I do not believe that conclusion can be reached, based upon Koppen-, and I also disagree with the fundamentals of that analysis.
Koppen this Court pointed out that quasi-judicial immunity is comparable to prosecutorial immunity in that it is not based upon the statutes of Montana, but upon the common law. Koppen then referred to the common law of quasi-judicial immunity as set forth in the Butz United States Supreme Court decision. Koppen then quoted the following from Butz:
“Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities. This point is underlined by the fact that prosecutors — themselves members of the Executive Branch — are also absolutely immune.
“We also believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor’s decision to initiate or move forward with a criminal prosecution.” (Emphasis added.)
Koppen, 233 Mont. at 218-19, 759 P.2d at 176 (quoting Butz v. Economou (1978), 438 U.S. 478, 98 S.Ct. 2894, 2913, 2915, 57 L.Ed.2d 895). If the majority is correct in concluding that the *240 failure to exercise discretion was purely ministerial, then apparently that rationale would apply to prosecutors as well. Under that rationale, a prosecutor could be sued for his negligent failure to initiate prosecution. I conclude that the failure to discharge a duty is not a ministerial act.
I conclude that the failure to respond to complaints on the part of the Board of Medical Examiners in Koppen is directly comparable to the failure on the part of the Division of Workers’ Compensation to examine the materials filed with it by GW in the present case. I would therefore conclude that under Koppen we are required to hold there is quasi-judicial immunity as to the defendants named in this case.